In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-1092

JOEL M. REINEBOLD,

*Plaintiff-Appellant,*

*v.*

STEVE BRUCE and TOM NORRIS,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 18-cv-525 — **Damon R. Leichty**, *Judge.*

ARGUED SEPTEMBER 23, 2021 — DECIDED NOVEMBER 18, 2021

Before KANNE, ROVNER, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* Joel Reinebold applied to be the
head baseball coach of Indiana University South Bend
("IUSB"). After IUSB declined to hire Reinebold, he sued
IUSB, Athletic Director Steve Bruce, and Assistant Athletic Di-
rector Tom Norris under the Age Discrimination in Employ-
ment Act ("ADEA") and 42 U.S.C. § 1983. The district court
dismissed all of Reinebold's claims with his concession except
for his § 1983 claims against Bruce and Norris in their

individual capacities. Bruce and Norris then moved for summary judgment on the remaining claims. The district court ruled in favor of Bruce and Norris, granting them summary judgment on both claims because Reinebold did not identify a suitable comparator and did not show that he was intentionally treated differently because of his age. We agree with the district court and therefore affirm.

## I. BACKGROUND

In 2017, IUSB listed a job posting for a head baseball coach. The posting indicated that the primary duties and responsibilities for the position were overseeing recruiting efforts; enhancing academic success of student athletes; providing coaching, leadership, management, and strategic planning; planning, organizing, and scheduling team practices; and overseeing and maintaining the program budget. There was also an annual fundraising expectation.

IUSB formed an eight-person hiring committee. Both Bruce and Norris served on the committee. IUSB received ninety-four applications for the coaching position. The committee reviewed all applications and selected eleven candidates for phone interviews. Reinebold, who was fifty-six at the time, was one of the eleven candidates selected for a phone interview. So too was Doug Buysse, a friend and former collegiate teammate of Norris. Buysse was thirty-one at the time.

On July 7, 2017, four members of the hiring committee interviewed Reinebold by phone. All four of the committee members who participated in the interview were unimpressed with him. One of the interviewers specifically noted that it was one of the worst interviews he had ever

experienced. Conversely, Buysse impressed members of the hiring committee during his phone interview.

The committee met to discuss the results of the eleven phone interviews, and the members unanimously agreed that Reinebold would not be extended an in-person interview. Instead, the committee extended in-person interviews to five other candidates, including Buysse.

Due to a family emergency, Bruce did not participate in the in-person interviews. Norris took over heading the hiring committee in Bruce's absence; however, the committee still sought Bruce's approval on the final hiring decision. After conducting the in-person interviews, the hiring committee unanimously agreed to recommend Buysse to Bruce. Norris relayed the committee's recommendation to Bruce, and Bruce made the final decision to hire Buysse.

On July 12, 2018, Reinebold sued IUSB, Bruce, and Norris, bringing claims that they discriminated against him on the basis of age under the ADEA and under the Fourteenth Amendment's Equal Protection Clause, via 42 U.S.C. § 1983. IUSB, Bruce, and Norris moved to dismiss Reinebold's complaint under Rule 12(b)(6). Reinebold conceded all claims except for the § 1983 claims against Bruce and Norris in their individual capacities. The district court denied the motion to dismiss with respect to the remaining claims.

Bruce and Norris then moved for summary judgment on the § 1983 claims. The district court granted summary judgment to Bruce and Norris because it found that Reinebold had not shown that Bruce or Norris intentionally treated him differently from other similarly situated candidates for head

baseball coach or that they did so because of his age. Reinebold now appeals that decision.

## II. ANALYSIS

We review the district court's order granting summary judgment *de novo. Flexible Steel Lacing Co. v. Conveyor Accessories, Inc.*, 955 F.3d 632, 643 (7th Cir. 2020) (citing *Ga.-Pac. Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th Cir. 2011)). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "We draw 'all justifiable inferences' in the favor of the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The ADEA is not the exclusive remedy for age discrimination in employment claims in our circuit. *Levin v. Madigan*, 692 F.3d 607, 622 (7th Cir. 2012). Section 1983, which authorizes suits against state and local officials who violate federally protected civil rights, also provides a civil remedy for age discrimination when, as here, a plaintiff alleges age discrimination under the Equal Protection Clause of the Fourteenth Amendment. *See id.* at 621. It is undisputed that Bruce and Norris were acting under color of law when they made their decisions on the hiring committee for IUSB, a state university. *Cf. Medlock v. Trs. of Ind. Univ.*, 738 F.3d 867, 871 (7th Cir. 2013).

The Fourteenth Amendment subjects age-based distinctions to rational basis review. *Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991). To prevail under the rational basis standard, a plaintiff must prove that "(1) the defendant intentionally treated him differently from others similarly situated, (2) the

defendant intentionally treated him differently because of his membership in the class to which he belonged, and (3) the difference in treatment was not rationally related to a legitimate state interest." *Smith v. City of Chicago*, 457 F.3d 643, 650–51 (7th Cir. 2006) (citing *Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 950–51 (7th Cir. 2002)).

Before the district court, Bruce and Norris argued that Reinebold could not prove the first two elements of the test. Accordingly, the district court addressed the first two elements in its summary judgment order, leaving the third unaddressed. We do the same.

*A. Similarly Situated Comparator*

To show he was intentionally treated less favorably than others similarly situated, Reinebold must introduce evidence of similarly situated comparators. *See Srail v. Village of Lisle*, 588 F.3d 940, 945 (7th Cir. 2009) (citing *RJB Props., Inc. v. Bd. of Educ.*, 468 F.3d 1005, 1010 (7th Cir. 2006)). "To be similarly situated, 'comparators must be "prima facie identical in all relevant respects."'" *Id.* (quoting *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005)).

Reinebold identifies Buysse as his comparator. He argues that although he and Buysse underwent the same application process for head baseball coach, they were not judged by the same standard. During the hiring process, Reinebold and Buysse were treated equally. Both men applied for the same job. Both men were considered qualified for the job by the hiring committee. Out of ninety-four candidates, both men were granted phone interviews, along with nine other candidates.

Reinebold's assertion that Buysse is his comparator, however, breaks down at the phone-interview stage. Reinebold

argues that because he was "objectively more qualified for the job than Buysse," Appellant's Br. at 12, Bruce and Norris must have discriminated against him. But his argument is unavailing because he and Buysse were not similarly situated at the phone-interview stage.

The hiring committee distinguished Reinebold and Buysse based on their respective performances during their interviews. The evidence in the record shows that Reinebold performed poorly during his phone interview. Buysse performed well. Despite Reinebold's contention that he is the better baseball coach, he failed to impress the committee during his phone interview. Buysse was therefore not similarly situated to Reinebold. *Cf. Formella v. Brennan*, 817 F.3d 503, 513 (7th Cir. 2016) (stating that candidates are "not sufficiently similarly situated" when one candidate is more "well-prepared" in an interview). This alone defeats Reinebold's claims and warrants us to affirm the district court's judgment. *See Carson v. Lake County*, 865 F.3d 526, 536–37 (7th Cir. 2017) (stating that plaintiff's equal protection claim fails because no suitable comparator was identified); *see also Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020) ("If the plaintiff fails to show at least a triable issue on each element, summary judgment is properly entered for the defendants." (citing *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 579 (7th Cir. 2019))).

*B. Differential Treatment Based on Age*

Even if Buysse was a suitable comparator during the phone-interview stage, there is no evidence that Bruce or Norris discriminated against Reinebold because of his age. Reinebold takes issue with the hiring committee's use of subjective criteria. He claims that because he had more coaching experience than Buysse, he should have gotten the position.

But his argument is a nonstarter. We have never held that an employer must score a job interview according to objective criteria. *See Blise v. Antaramian*, 409 F.3d 861, 868 (7th Cir. 2005).

Moreover, Reinebold fails to address the fact that the position for head baseball coach at IUSB required more than a win-loss record. Indeed, according to IUSB's job posting, coaching was only one of the listed primary duties and responsibilities for the position. The committee liked what they heard from Buysse during his phone interview and extended him an offer to interview in person. The committee also extended that offer to four other individuals. Reinebold, on the other hand, had a poor phone interview, which led the entire committee to unanimously agree to end Reinebold's candidacy for the position. The committee's use of subjective criteria was appropriate. *Cf. Blise*, 409 F.3d at 868 ("A subjective analysis of the varying traits of each applicant is entirely appropriate.").

Reinebold, however, argues that the district court erred in granting summary judgment in favor of Bruce and Norris because the district court impermissibly weighed two pieces of evidence: (1) the testimony of witness C.W., and (2) a note from a hiring committee member, which read, "Looking for a retirement job." A district court judge "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts" when ruling on a motion for summary judgment. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). We take each in turn and find that the district court judge did not impermissibly weigh either piece of evidence.

First, Reinebold's attempts to classify the district court's analysis of C.W.'s testimony as a credibility determination or

an improper inference from the facts are inapt. During the hiring process, Norris conversed with his barber, C.W., about IUSB's search for a new head baseball coach. During the first occasion, Norris mentioned that IUSB was looking for a new head baseball coach, and he discussed who the candidates were with C.W., including mentioning the candidates by name. On the second occasion, Norris mentioned that IUSB had hired Buysse for the position. Norris relayed that he was excited about hiring Buysse because he was a "younger guy and would be a better fit for the kids …." Appellant's App. at 32. C.W. did not recall Norris "saying anything about age, a number." *Id.* at 33. In fact, it was C.W.'s opinion that Norris hired Buysse because Norris knew Buysse and Norris coached with him. *See id.* C.W. also testified that Norris "never once just came back and told us he didn't hire [Reinebold] because he was this age and he was too old or anything, no, he didn't." *Id.* at 34.

The district court correctly concluded that Norris's comment to his barber that they had hired the "younger guy" was merely a description of the candidate, and could not reasonably be construed as a description of the reason he was hired. In short, Norris's comment to C.W. is at best a "stray remark" describing the candidate, not a description of why Buysse was hired over Reinebold. *See Cullen v. Olin Corp.*, 195 F.3d 317, 323 (7th Cir. 1999) ("'[A] statement must relate to the motivation of the decision-maker responsible for the contested decision[,]' and isolated comments that amount to no more than 'stray remarks' will not suffice." (second alteration in original) (citation omitted) (citing *Randle v. LaSalle Telecomms., Inc.*, 876 F.2d 563, 569 (7th Cir. 1989))).

Furthermore, Reinebold does not address the fact that Norris was only one of the committee members responsible for deciding whom the committee would recommend to Bruce for the position. Norris alone was unable to make the decision not to hire Reinebold. Indeed, the entire committee unanimously voted to terminate Reinebold's candidacy after his phone interview. Reinebold's age never came up in that decision.

Second, Reinebold's attempt to create an issue of material fact regarding a remark in the notes of one of the committee members—"Looking for a retirement job"—is similarly inapt. During the phone-interview stage, a committee member by the name of Scott Cooper took notes on each candidate he interviewed. One of the comments by Reinebold's name read: "Looking for a retirement job." R. 46-2 at 17. Reinebold argues that the district court discounted Cooper's note and that a reasonable jury could draw an inference that the phrase "[l]ooking for a retirement job" showed that the committee was conscious of Reinebold's age.

But Reinebold's assertion is purely speculative. Cooper stated under oath that he did not use age as a factor in the hiring decision—so too did the other committee members. Reinebold also does not point to any evidence showing that Cooper shared his notes with other members of the hiring committee. Moreover, Cooper's note was next to other notes describing Reinebold's phone interview, such as: "Doesn't know how to deal with professors"; "Has no plan to develop kids"; "Thinks it['s] a good opportunity, but can't say why"; and "Doesn't have a well thought philosophy." *Id.* These notes are indicative of the reason Reinebold was eliminated as a candidate after his phone interview. Namely, Reinebold's

poor performance during his phone interview was the reason he was not hired as IUSB's head baseball coach—not his age.

Thus, Reinebold has not shown that Bruce or Norris discriminated against him because of his age. *See Cole v. Bd. of Trs. of N. Ill. Univ.*, 838 F.3d 888, 900 (7th Cir. 2016) ("Simply being a member of a protected class, without something more to link that status to the action in question, is not enough to raise a reasonable inference of discriminatory animus.").

### III. CONCLUSION

For the reasons above, the district court did not err in granting summary judgment to Bruce and Norris. We AFFIRM.